## R. T. JOHNSTON, JR., v. ROSINA WALKER.

### Abatement and Revival—Plea in Abatement.

Where defendant avers that he was sued in equity on the notes upon which the present action is founded, but fails to allege that the suit was pending when his answer was filed, it is not sufficient to bar the action.

### Payment—Promise Without Consideration.

Where a debtor made part payment on the debt on the promise of the creditor not to sue for the residue at the approaching term of court, the promise not to sue was without consideration.

### Appeal—Bill of Exceptions.

Where the court refused to allow an amended answer to be filed, and defendant desires to have the legality of the ruling tested on appeal, he should bring the question to the Court of Appeals by bill of exceptions.

### Pleading—Answer in Bar—Sufficiency.

An amended answer purporting to set up a defense in bar of the action, should be rejected, where it contains only matter in abatement.

#### APPEAL FROM GRAVES CIRCUIT COURT.

#### February 14, 1873.

OPINION BY JUDGE PETERS:

Appellant does not allege in his answer that there was another suit pending in the name of appellee against him for the same cause of action as the one set out in this. He does aver that he was sued in equity on the notes upon which this action is founded, and for the same debt; but he fails to allege that that suit was pending when he filed his answer, and as that suit may have been dismissed, and still all he avers be true, his answer was not sufficient to abate the action.

The payment of $50 on the debts which were past due, and which are owing, upon a promise not to sue for the residue of the debt at the approaching term of the circuit court was without consideration. He was under a legal obligation to pay the whole of it, and

he can not enforce a promised reward for paying only a part of it. The record shows that appellant offered to file an amended answer and that the court refused to permit the same to be filed, it then constituted no part of the record. If appellant desired to have it before this court, and its sufficiency tested here, he should have excepted to the opinion of the court; and filed a bill of exceptions referring to said amendment, making it a part of the bill of exceptions, had it signed by the judge and had it entered on the record. The mere unofficial note of the clerk that the paper copied is the rejected amended answer this court can not recognize, as has been often decided. But the amendment was properly rejected as it purported to set up a defense in bar of the action, when it contained at most matter in abatement only. But it even failed in that. It is alleged therein that the notes were given for real estate in Mayfield, and it is not averred that appellant was insolvent, and that the property on which appellee held a lien was not sufficient to pay the debt before the $50 were paid.

It can not therefore be said that her debt was made more secure by the payment of the $50. If he had not paid that sum, he would have owed that much more, but he would have had the same amount as additional means of payment, and other objections might be pointed out, but those named are sufficient.

Judgment *affirmed*.

*Stubblefield, Smith, for appellant.*

*Williams, for appellee.*